52383. EMPLOYERS INSURANCE OF WAUSAU
et al. v. WATTS et al.

SMITH, Judge.

This is an appeal from the judgment of the superior court affirming an award favorable to the claimant in a workmen's compensation case. The deputy director, and the full board on review, found that the responsibility for compensation was on Watts' employer, North American Van Lines and its insurer, Employers Insurance of Wausau.

The record shows that Atlantic Moving & Storage

Company (hereinafter referred to as Atlantic) and North American Van Lines (hereinafter referred to as North American) entered into an agency agreement whereby Atlantic was to become the local agent for North American. On interstate shipments, all hauls were to be made under North American's ICC permits; Atlantic had no interstate permits. On these interstate hauls, Atlantic acted only as North American's agent. On March 8, 1976, Atlantic dispatched a truck for North American from Atlanta to Meridian, Mississippi. The originally scheduled driver failed to appear for work; and Hastings Watts, the deceased, was dispatched. On March 11, 1974, Watts was killed in a truck accident in Alabama.

For each truck put into North American service by Atlantic, there was an Agent's Trucking Agreement. The agreement covering this particular truck provided that North American would maintain workmen's compensation insurance as to all drivers and helpers furnished by Atlantic. It further stated that Atlantic was to provide qualified drivers "provided that Company [North American] shall have the right to remove from said vehicular equipment the driver thereof, and, at Agent's expense, replace said driver with another chosen by it. . ."

1. Appellant argues that the driver was not a "technically qualified" driver as required by the trucking agreement. The agreement does not specify what requirements must be met in order for a driver to be "qualified." There was evidence showing that Watts was a competent and qualified driver. We find that evidence supported a finding that the driver was "qualified" in accordance with the terms of the trucking agreement.

2. Appellant further argues that the deputy director erred in finding that Watts was an employee of North American. The evidence is sufficient to support the finding that North American carried workmen's compensation insurance on the driver of the truck here involved. Thus, North American carried workmen's compensation insurance on Watts; North American and its insurer are therefore estopped to deny that Watts was an employee under the Workmen's Compensation Act. *Ga. Cas. &c. Co. v. Brawley,* 135 Ga. App. 763, 764 (219

SE2d 176).

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

ARGUED JULY 6, 1976 — DECIDED SEPTEMBER 10, 1976 — REHEARING DENIED SEPTEMBER 27, 1976.

*Swift, Currie, McGhee & Hiers, Glover McGhee,* for appellants.

*Phillip Slotin, Alfred Weeks, J. Carey Hill, Savell, Williams, Cox & Angel, Elmer L. Nash, H. P. Arnall,* for appellees.